## SNOW v. BENTON.

(Court of Appeals of District of Columbia. Submitted April 14, 1924. Decided May 5, 1924.)

### No. 4056.

1. **Landlord and tenant** ⬅️200(1½)—**Landlord may recover difference between rent fixed by commission and by contract.**

   Under Rent Law, § 107, where difference between rent fixed by commission and rent under contract is in landlord's favor, it may be recovered in action against tenant.

2. **Landlord and tenant** ⬅️200(1½)—**Appeal merely postpones accrual of action for difference between rent fixed by commission and by contract.**

   Under Rent Law, § 107, providing that, "after the final decision of an appeal from the rent commission's determination," difference between rent fixed by commission and rent under contract may be recovered, an appeal merely postpones the time when the right of action accrues, and action may be maintained, though no appeal is taken.

3. **Statutes** ⬅️200—**Punctuation resorted to for interpretation only when other means fail.**

   Punctuation is a most fallible standard by which to interpret a writing. It may be resorted to when all other means fail, but if meaning of instrument, on inspection of the whole, is ascertainable, punctuation will not change it.

In Error to the Municipal Court of the District of Columbia.

Action by Chester A. Snow against Mrs. W. H. Benton. A judgment dismissing the suit was rendered on defendant's motion to strike out the affidavit of merit, on the ground that it did not state a cause of action, and plaintiff brings error. Reversed, and cause remanded.

G. P. McGlue and J. S. Gallagher, both of Washington, D. C., for plaintiff in error.

T. G. Benton, of Washington, D. C., for defendant in error.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This case is here on error to the municipal court of the District of Columbia.

[1] Plaintiff in error is the owner of the Winton apartment house in the city of Washington, in which defendant in error was a tenant. On July 20, 1921, a complaint was filed with the rent commission of the District of Columbia, entitled "Chester A. Snow, Plaintiff, v. Mrs. W. H. Benton, Defendant," in which it was sought to have the rental rate on said apartment adjudicated by the rent commission. On August 12, 1922, the rent commission made a finding that the reasonable

rent for said apartment "on the date of the filing of said complaint was, and now is, fifty-seven and $^{50}/_{100}$ ($57.50) dollars per month."

The rate defendant had been paying under her contract with plaintiff, and continued to pay up until the finding by the rent commission, was $35 per month. The difference between the rate fixed by the parties and the rate fixed by the commission, covering the period between the date of filing the complaint and the commission's finding, amounted to $300. Shortly after the finding by the commission, defendant vacated the premises. This suit was brought to recover the difference, amounting to $300.

The court below sustained defendant's motion to strike out the affidavit of merit on the ground that it did not state a cause of action, and dismissed the suit, "for the reason that there is no statute or provision of our Code under which such a suit may be brought, and no such right is given by the Ball Rent Act."

The cause of action is based upon section 107, of the Rent Act of the District of Columbia, approved October 22, 1919 (41 Stat. 300), as follows:

"A determination of the commission fixing a fair and reasonable rent or charge made in a proceeding begun by complaint shall be effective from the date of the filing of the complaint. The difference between the amount of rent and charges paid for the period from the filing of the complaint to the date of the commission's determination and the amount that would have been payable for such period at the fair and reasonable rate fixed by the commission may be added to or subtracted from, as the case demands, future rent payments, or after the final decision of an appeal from the commission's determination may be sued for and recovered in an action in the Municipal Court of the District of Columbia."

In these proceedings the court acts in aid of the rent commission. The commission has power to make findings but no judicial power to enforce its decrees. This jurisdiction resides in the courts—in this instance, in the municipal court.

This action is based upon the finding of the commission. The commission has power upon complaint filed to either raise or lower the rental rate, and the statute provides that the difference in the rate fixed, between the time of filing the complaint and the determination by the commission, "may be added to or subtracted from, as the case demands, future rent payments." The rent law was not enacted solely for the benefit of tenants, but equally for the protection of both landlords and tenants. It was not intended to operate one way. The act expressly provides that the difference may be recovered in an action in the municipal court. If the difference is against the landlord, the tenant would unquestionably have a right to sue for the amount in the municipal court, or deduct it from future rent payments. On the other hand, if the difference is in favor of the landlord, like suit may be maintained against the tenant for recovery. Otherwise, as in the present case, by the tenant abandoning the lease, the landlord would be left without a remedy. It is not the policy of the law that wrongs shall be left remediless.

[2, 3] But stress is laid upon the peculiar language and punctuation of the act, which provides that suit may be brought "after the final

decision of an appeal from .the rent commission's determination." It is stipulated that no appeal was taken .in this case, and it is urged that, inasmuch as no punctuation mark appears after the word "determination," the jurisdiction of the municipal court only attaches where cases have been determined upon an appeal, and, as no appeal was taken in this case, the suit cannot be maintained. The court will be governed in its interpretation of the act by the evident intent to do equal justice, and to furnish a remedy where the right of action exists, than by the uncertainty that would attend a strict adherence to the rules of punctuation. As the court said in Ewing v. Burnet, 11 Pet. 41, 54 (9 L. Ed. 624):

"Punctuation is a most fallible standard by which to interpret a writing; it may be resorted to when all other means fail; but the court will first take the instrument by its four corners, in order to ascertain its true meaning; if that-is apparent on judicially inspecting the whole, the punctuation will not be suffered to change it."

We think it is clear that Congress intended to extend the right of suit in the municipal court to landlords as well as tenants, and that the matter of appeal merely postponed the time when the right of action should accrue, and did not, in any way, affect the ultimate right.

The judgment is reversed, with costs, and cause remanded for further proceedings.